UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-413-GWU


LUTHER L. SAMS,                                                            PLAINTIFF,


VS.              **MEMORANDUM OPINION AND ORDER**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


The plaintiff has filed a "Motion to Remand," citing additional medical evidence which he alleges is both "new" and "material."

At the outset, the defendant correctly notes that the September 8, 2007 filing cannot be considered a Motion to Alter or Amend under Fed. R. Civ. Proc. 59, because it was not filed within ten days of the court's judgment, entered June 29, 2007. The defendant additionally asserts that the motion was not timely under Fed. R. Civ. Proc. 60(b), but Rule 60(b)(2) motions (providing for relief from judgment on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).") can be made "within a reasonable time . . . not more than one year after the judgment . . . was entered . . . ." Id.  Therefore, the motion is not untimely.

1

06-413 Sams

Considered on its merits, however, the evidence submitted does not provide a basis for changing the court's decision.  The new evidence consists of an office note from Dr. Arif Khan dated August 28, 2007, showing that Mr. Sams was told to quit smoking, to stop taking Motrin and Tylenol apparently because of possible renal failure, was given an antibiotic for unclear reasons, was diagnosed with "possible" osteomyelitis of the right leg, which was painful and swollen above the ankle, and was scheduled for an MRI.  An MRI of the lumbar spine dated August 31, 2007 was interpreted as showing arthritic changes with moderate to severe neural foramina stenosis at two levels.

Sentence Six of 42 U.S.C. Section 405(g) states that: "The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

The Sixth Circuit has held that Section 405(g) clearly requires a showing of both materiality and good cause.  Cline v. Commissioner of Social Security, 96 F.3d 146, 149 (6th Cir. 1996).  The evidence submitted is new, but it is not material because it does not provide a reasonable probability that the defendant would have reached a different conclusion.  There was no indication of renal problems before the Administrative Law Judge (ALJ) reached his decision on April 25, 2006, and the

2

06-413 Sams

current evidence describes a differential diagnosis of "acute vs. chronic" renal failure.  Thus, it does not definitely establish the condition as more than transitory.

The plaintiff argues that one of his complaints had been back pain, but no MRI was in existence at the time of the ALJ's decision, and "considering the chronicity of the findings on the MRI, this condition was undoubtedly in existence at the time of [the] April 25, 2006 hearing."  As the court noted in its Memorandum Opinion, no treating physician had placed functional restrictions on Mr. Sams, and the hypothetical factors chosen by the ALJ were reasonably consistent with the findings of the consultative examiner, Dr. Kip Beard.  The new evidence does not provide any specific restrictions.  At most, it bolsters the plaintiff's allegation of back pain, but since the ALJ had already found this condition to be "severe," it would not have provided a clear basis for changing the administrative decision.

Accordingly, it is hereby ORDERED that the plaintiff's motion to remand is DENIED.

This the 12th day of October, 2007.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

3